**UNITED STATES of America, et al., Plaintiffs,**

v.

**ERNST & WHINNEY, et al., Defendants.**

No. C 82–885.

United States District Court,
N.D. Ohio, E.D.

March 23, 1984.

John M. Siegel, Asst. U.S. Atty., Cleveland, Ohio, Robert G. Nath, James H. Jeffries, III, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiffs United States of America and Phillip E. Coates.

Ellis McKay, Maynard F. Thomson, Jones, Day, Reavis & Pogue, Cleveland, Ohio, Daniel F. Kolb, Davis, Polk & Wardwell, Washington, D.C., for defendants Ernst & Whinney and Ray Groves.

## MEMORANDUM OPINION AND ORDER

LAMBROS, District Judge.

This is an action to enforce an Internal Revenue Service (IRS) John Doe summons issued to and served upon the accounting firm of Ernst & Whinney (E&W) and its chief executive officer Ray Groves.

E&W markets nationwide an investment tax credit study (ITC study), the purpose of which is to advise its clients on methods of obtaining the maximum benefit of the investment tax credit available under 26 U.S.C. §§ 38, 46–48. After examining numerous tax returns in the Southeast United States, it was discovered that many E&W clients who had utilized ITC studies had taken credits which the IRS believed were

excessive or based upon improperly classified property.

In order to ascertain the correctness of any return, the IRS is authorized to issue an administrative summons requiring the taxpayer whose return is questioned to appear and give testimony and produce the records requested in the summons. 26 U.S.C. § 7602. The IRS is also authorized to issue an administrative summons upon a third-party record keeper to request information concerning taxpayers whose identities are unknown to the IRS. This is referred to as a John Doe summons. Such a summons may be served only after a District Court has determined that

(1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,

(2) There is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and

(3) the information sought to be obtained from the examination of the records (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources. ·

26 U.S.C. § 7609(f). The District Court's determination is to be made *ex parte* upon the petition and supporting affidavits of the IRS.

In view of the irregularities discovered in the Southeast, the IRS sought to investigate the tax returns of other E&W clients across the country who had utilized the ITC studies. To this end, the IRS petitioned this Court for leave to serve a John Doe summons on E&W. This summons, in the pertinent part, requested E&W to produce for examination

[w]ith respect to all Ernst & Whinney (formerly Ernst & Ernst) offices other than those in Ernst & Whinney's Southeast Region[:]

1. The names, addresses and identifying data, including any lists, of all customers and clients of Ernst & Whinney who, during the period of January 1, 1977, through the present, purchased, subscribed to, received or utilized Ernst & Whinney's investment tax credit analysis or study or methodology derived therefrom.

2. Retained copies of all returns with respect to the customers and clients referred to in paragraph 1, whether or not prepared by Ernst & Whinney or its officers, agents and employees.

3. All Ernst & Whinney investment tax credit analyses or studies, workpapers, books, records, and other data pertaining to all services rendered to the customers and clients referred to in paragraph 1, including but not limited to:

(a) valuation reports;

(b) engineering reports;

(c) Ernst & Whinney document clearance forms;

(d) blueprints, specifically including marked blueprints used in the investment tax credit analyses or studies;

(e) engagement letters;

(f) contractors' request lists.

(g) justification lists

(h) correspondence

Upon the basis of affidavits and exhibits attached to the government's petition, this Court found *ex parte* that:

the summons relates to the investigation of an ascertainable group or class of persons, that is, the unidentified persons who were customers and clients of Ernst & Whinney who purchased, subscribed to, received, or utilized Ernst & Whinney's investment tax credit analysis or study or methodology derived therefrom during 1977 through the present; that there is a reasonable basis for believing that such group or class of persons may have failed or may fail to comply with various provisions of the Internal Revenue Code of 1954 (26 U.S.C.) and the Treasury Regulations relating to the investment tax credit; and that the information sought to be obtained from the examination of the records (and the identity of the persons with respect to

whose liability the summons relates) is not readily available from other sources. Order of April 9, 1982. E&W has refused to comply with the summons, and the IRS has brought this action to enforce the summons pursuant to 26 U.S.C. § 7604.

■ The standard for determining the enforceability of an IRS summons was established by the United States Supreme Court in *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). According to *Powell*, the IRS need not meet any standard of probable cause to obtain enforcement of the summons, but must show: (1) that the investigation is being conducted pursuant to a legitimate purpose; (2) that the summoned materials are relevant to that investigation; (3) that the information sought is not already within the IRS' possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed. *Id.* at 57–58. The requisite showing is generally made by the submission of affidavits by the IRS agents involved in the investigation. *United States v. Kis*, 658 F.2d 526, 536 (7th Cir.1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982). Once the IRS has established their prima facie case, the burden shifts to the taxpayer, or in this case the third-party record keeper, to demonstrate that enforcement of the summons would be an abuse of judicial process. *United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982).

> Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.

*United States v. Powell*, 379 U.S. at 58, 85 S.Ct. at 255.

■ The extensive affidavits submitted by the IRS in the present action avowing that E&W has advised clients to improperly classify property so as to qualify for the investment tax credit are sufficient to establish a prima facie case for enforcement of the summons. E&W, however, contends that the IRS has acted in bad faith and for an improper purpose in securing leave to serve the summons. In particular, E&W asserts that the IRS affidavits supporting the petition to serve the summons contain numerous false allegations and that the IRS has undertaken this action to silence E&W as an aggressive tax advisor. Because of the issues raised concerning the propriety of the IRS' actions in this case, a hearing was held to permit E&W to present evidence in support of its claims.

■ The burden on the party opposing enforcement of an IRS summons is substantial. Additionally, it must be emphasized that summons enforcement proceedings are intended to be summary in nature.

> They occur, after all, at only the investigative stage of any action against a taxpayer, and no guilt or liability on the part of the taxpayer is established. The sole reason for the proceedings ... is to ensure that the IRS has issued the summons for proper investigatory purposes under section 7602 and not for some illegitimate purpose (such as, for example, using a civil summons to gather evidence to be used solely in a criminal prosecution).

*United States v. Kis*, 658 F.2d at 535. The burden on the party opposing enforcement to demonstrate wrongdoing by the IRS is therefore greater than that on the government to show a legitimate purpose. *Id.*

■ E&W maintains that the IRS abused the judicial process of this Court by placing before it affidavits containing numerous, material falsehoods in its *ex parte* application for service of the John Doe summons. In support of this position, E&W has submitted copious affidavits and exhibits pointing out inaccuracies in the affidavits filed by the IRS. A careful review of the voluminous affidavits and exhibits filed by both parties in this action does indicate instances in which certain property which the IRS avows was claimed by an E&W client for the investment tax credit was not actually claimed. However, any inaccuracies in the IRS affidavits appear to be a result of the failure of E&W

clients to clearly and specifically identify in their records the property claimed for the investment tax credit. In view of the difficulty encountered by the IRS in determining exactly what property E&W clients had claimed for the investment tax credit, the errors present in the IRS affidavits are understandable. Moreover, the numerous occasions in which the IRS correctly identified the property claimed by E&W clients for the investment tax credit demonstrates that the government had a reasonable basis for seeking the issuance of the summons. Considering the scope of E&W's ITC study at issue in this action, the fact that some misstatements are present in the affidavits filed *ex parte* by the IRS is not sufficient to establish that the government has acted in bad faith.

■■ E&W next contends that the IRS has undertaken this action with an institutionally improper purpose. It is their position that the IRS seeks enforcement of the John Doe summons in order to intimidate E&W and to silence them as an aggressive tax advisor. In support of this claim they argue that the IRS has singled out E&W clients for arbitrary and discriminatory treatment. At the evidentiary hearing, E&W presented an internal IRS memorandum, dated July 15, 1982, issued by the Deputy Commission and directed to all Regional Commissioners and District Directors. The memorandum states that the IRS is currently involved in litigation with E&W concerning its ITC study and that when auditing the tax returns of E&W clients, certain building components are not compromiseable as property subject to the investment tax credit. Contrary to the view of E&W, this memorandum does not demonstrate the existence of an improper institutional purpose on the part of the IRS. The memorandum merely indicates that the central office of the IRS had reason to believe that E&W had been giving improper tax advice and that certain investment tax credit claims of E&W clients were therefore not to be compromised. This is not evidence of arbitrary treatment by the IRS of E&W clients. Rather, it simply discloses an intention on the part of the

IRS to carry out its duty of enforcing the tax laws of the United States. The IRS is authorized to issue a summons for the purpose of ascertaining the correctness of any return. 26 U.S.C. § 7602. The evidence presented by E&W fails to establish that the summons sought to be enforced by the IRS in this action was issued for a purpose other than the examination of tax returns. Consequently, E&W has not demonstrated that the IRS has acted with an institutionally improper purpose.

■ E&W also seeks to deny enforcement on the grounds that there was no reasonable basis for the issuance of the John Doe summons. E&W argues that when the summons was issued, the investment tax credit claims of E&W clients had not been the subject of widespread disallowances in the areas of the country to which the summons was directed. Essentially, E&W is attempting to challenge the grounds for the issuance of the John Doe summons at the enforcement stage of the proceedings. The United States Courts of Appeals for the Ninth and Second Circuits have both held that a district court's *ex parte* authorization of the issuance of a John Doe summons under 26 U.S.C. § 7609(f) may not be challenged in an enforcement proceeding. *United States v. Samuels, Kraemer and Co.*, 712 F.2d 1342, 1346 (9th Cir.1983); *Agricultural Asset Management Co., Inc. v. United States*, 688 F.2d 144, 149 (2nd Cir.1982). Although a contrary position was reached by the Tenth Circuit Court of Appeals, that decision was subsequently vacated and remanded by the United States Supreme Court. *United States v. Brigham Young University*, 679 F.2d 1345, 1347–48 (1982); *vacated and remanded* 459 U.S. 1095, 103 S.Ct. 713, 74 L.Ed.2d 944 (1983). Moreover, as the Second Circuit pointed out in reaching a conclusion opposite that of the Tenth Circuit,

> The basis of the [Tenth Circuit's] decision is that section 7609(f) does not "render inapplicable the principles set forth in such cases as *Reisman* and *Powell*."

.... But it does not follow that denying the taxpayer the right to challenge the section 7609(f) criteria in the enforcement proceedings precludes him from relying on the four *Powell* standards and claiming bad faith or abuse of court process. All these substantive rights continue to be available.

*Agricultural Asset Management Co., Inc. v. United States,* 688 F.2d at 149 (citation and footnotes omitted).

In its order of April 9, 1982, this Court determined that a reasonable basis exists for believing that the class of persons identified in the John Doe summons may have failed to comply with various provisions of the Internal Revenue Code. Adopting the reasoning of the Second and Ninth Circuits, this Court concludes that E&W is precluded from challenging the basis for the issuance of the summons at the enforcement stage of the proceedings. Consequently, E&W is not entitled to contest the enforcement of the John Doe summons on the ground that there was not a reasonable basis for its issuance.

■ Finally, E&W contends that it would be inequitable for this Court to order enforcement of the John Doe summons. They contend that the IRS has undertaken this action in bad faith and for an improper purpose and that this action should therefore be dismissed pursuant to the inherent equitable powers of the Court. E&W has failed to present any substantial evidence to support their position that the IRS has not acted in good faith in seeking the issuance and enforcement of the summons at issue in this action. Thus, their assertion that enforcement of the summons would be inequitable is without merit.

■ E&W maintains that even if this Court decides not to deny enforcement of the summons on the basis of the evidence presented thus far, E&W should be afforded the opportunity to undertake additional discovery to support its position. As previously noted, summons enforcement proceedings are intended to be summary in nature. Consequently, the right to discovery in such proceedings is not unqualified. "[T]he use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse." *United States v. Will,* 671 F.2d 963, 968 (6th Cir.1982). In the present case, E&W has failed to make the requisite showing of abuse. The evidence presented by E&W at the hearing and in the numerous affidavits and exhibits filed in this action is not sufficient to make a substantial showing of bad faith or abuse of process on the part of the government. E&W's request for additional discovery is therefore denied.

E&W has failed to meet the burden of demonstrating that enforcement of the summons would be an abuse of judicial process. Thus, the government's petition to enforce the John Doe summons served on E&W is granted. This decision is not intended to be a reflection on the merits of the substantive tax disputes underlying this action.

■ The John Doe summons issued by the IRS seeks information concerning E&W clients who utilized ITC studies in the years 1977 to 1981. Because of the time which has elapsed since the initiation of this summons enforcement action, the government has moved to amend the scope of the summons to include the year 1982. A district court has the authority to issue an order reasonably modifying an IRS summons. *Brody v. United States,* 243 F.2d 378, 384 (1st Cir.1957). However, this authority is not unlimited. While a district court may exercise some discretion in modifying an IRS summons, it does not have the power to modify the summons significantly in order to expand its scope. *United States v. Hankins,* 581 F.2d 431, 439 (5th Cir.1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979). The government's motion to amend the scope of the summons is therefore denied. If the IRS would like to investigate the tax returns of unknown E&W clients who utilized the ITC study in the year 1982, it must seek the issuance of another John

Doe summons and satisfy the requirements of 26 U.S.C. § 7609(f).

This action is terminated.

IT IS SO ORDERED.