Thomas Walker WHITE, III, M.D., Petitioner,

v.

UNITED STATES of America, (Branch Banking and Trust Company) Respondent.

No. 85–149–CIV–4.

United States District Court, E.D. North Carolina, New Bern Division.

Feb. 21, 1986.

Thomas W. White, III, M.D., pro se.

Rudolph A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for respondent.

## ORDER

BRITT, Chief Judge.

Seeking to determine the correct federal tax liability of Thomas Walker White for the years 1981, 1982, 1983 and 1984, Revenue Special Agent Terence J. O'Brien of the Criminal Investigation Division of the Office of the Greensboro District Director of Internal Revenue Service, issued a summons to Branch Banking and Trust Company as third-party recordkeeper, to obtain testimony and examine books, papers, documents and other records of the taxpayer.* Thereafter, the taxpayer, now a resident of Oak Ridge, Tennessee, filed a petition to quash the summons. The United States has filed a motion to dismiss and a request

---

* Summons directed toward five (5) other financial institutions give rise to five additional suits

that the court order enforcement of the summons.

In his petition to quash the summons, the taxpayer asserts that he is not a person liable for any federal tax; that he is not a person required to perform any act with respect to any federal tax; and, that the sought-after information is not relevant or material in any inquiry which the Internal Revenue Service may have. In support of his petition the taxpayer filed a notarized affidavit as follows: "1. I, Thomas Walker White, III, M.D., swear under the penalty of perjury that I do not have a federal income tax liability. 2. I am not required to perform any act with respect to federal income taxes."

Title 26, United States Code, Section 7602(a) provides:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any Internal Revenue tax ... the Secretary ... is authorized—
>
> . . . .
>
> (2) To summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ... or any other person the Secretary ... may deem proper, to appear ... and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry. . . .

This section, the principal information-gathering authority of the Treasury, has been broadly construed and upheld against repeated attacks. *See, e.g., Couch v. United States,* 409 U.S. 322, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973); *Fisher v. United States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *United States v. Bisceglia,* 420 U.S. 141, 95 S.Ct. 915, 43 L.Ed.2d 88 (1975). Title 26, United States Code, Section 7609 provides for special procedures for third party summonses such as

filed by petitioner at the same time as this one.

are involved here. The most important procedure is the giving of notice to the taxpayer of the service of summons so that taxpayer will have an opportunity to commence a proceeding to quash the summons should he have a valid and legitimate reason to do so.

The reasons set forth by petitioner supporting his motion to quash and verified by his affidavit are patently frivolous as all United States citizens are subject to a federal income tax and are liable to perform acts required of citizens by the revenue laws. *Cook v. Tait,* 265 U.S. 47, 44 S.Ct. 444, 68 L.Ed. 895 (1924).

■ As is specifically provided by Title 26, United States Code, Section 7609(b)(2)(A), the government seeks enforcement of the summons supporting the request by a declaration of Agent O'Brien. In order to establish a prima facie cause for enforcement of a summons the government must establish the following four requirements: (1) that the investigation is being conducted pursuant to a legitimate purpose; (2) that the inquiry may be relevant to that purpose; (3) that the IRS does not already possess the information sought; and, (4) that the required administrative steps have been followed. *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964); *United States v. Will,* 671 F.2d 963, 966 (6th Cir.1982). All of these requirements are fully established by the affidavit of Special Agent O'Brien as follows:

1. The purpose of the investigation is to determine the correct federal income tax liability of Thomas Walker White, III, the petitioner herein, which purpose is legitimate under 26 U.S.C. § 7602(a).

2. Petitioner's bank records obviously may be relevant to a determination of that liability.

3. The requested information is not already in the possession of the Internal Revenue Service.

4. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken, they being as follows:

a. Issuance of the administrative summons to an officer of the bank directing the officer to appear before the Revenue Officer on a certain date to produce for examination the books, papers, records or other data described in the summons;

b. Notification to taxpayer by certified mail of the issuance of the summons, accompanied by a copy of the summons, and an explanation of taxpayer's rights to bring a proceeding to quash the summons.

26 U.S.C. § 7609(a)(1) and (2).

■ Rule 11 of the Federal Rules of Civil Procedure provides as follows:

Every pleading ... and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... A party who is not represented by an attorney shall sign his pleading.... The signature of an attorney or party constitutes a certificate by him that he has read the pleading ...; that to the best of his knowledge, information, and belief formed after reasonably inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation....

The obvious, and stated, purpose of this rule is to require a party or his attorney to make reasonable inquiry that he has a good cause of action before filing suit, thus avoiding needless litigation. From the face of the complaint in this action it would appear that plaintiff has not only failed to abide by this rule but has deliberately sought to harass and cause needless litigation.

Rule 11 further provides: "If a pleading ... is signed in violation of this rule, the court ... upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction...."

The court will order plaintiff to appear and show cause why sanctions should not be imposed on him in accordance with Rule 11.

It is, thereupon, ORDERED, ADJUDGED and DECREED that:

A. The petition of Thomas Walker White, III, M.D., to quash the summons be, and the same is hereby, denied.

B. The request of the United States of America to enforce the summons is hereby allowed. Accordingly, Joseph O. Creech, Vice President, Branch Banking and Trust Company, is hereby directed to appear before Revenue Officer Terence J. O'Brien on a date noticed by him, which date shall be not later than twenty-one (21) days following the date of this order, to produce for examination the books, papers, records and other data as described in the summons originally issued in this action.

C. Thomas Walker White, III, M.D., appear before this court in Courtroom No. 2, Seventh Floor, The Federal Building, 310 New Bern Avenue, Raleigh, North Carolina, at 10:30 o'clock a.m. on 17 March 1986 and show cause, if any he has, why sanctions should not be imposed upon him pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure.