Thomas Walker WHITE, III,
M.D., Petitioner,

v.

UNITED STATES of America
(BRANCH BANKING AND
TRUST COMPANY), Respondent.

No. 85–149–CIV–4.

United States District Court,
E.D. North Carolina,
New Bern Division.

March 19, 1986.

Thomas W. White, III, M.D., pro se.

Rudolph A. Renfer, Jr., Asst. U.S. Atty., Raleigh, N.C., for respondent.

## ORDER

BRITT, Chief Judge.

On 21 February 1986 this court, 629 F.Supp. 992, upon its own motion, ordered petitioner, Thomas Walker White, III, to appear on 17 March 1986 and show cause, if any he has, why sanctions should not be imposed upon him pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure. Petitioner appeared, represented by counsel, a hearing was held, and the matter is now ripe for ruling.

Petitioner instituted this and five similar actions seeking to quash summonses which had been issued by the Internal Revenue Service in an effort to obtain more information on petitioner's federal tax liability for the years 1981 through 1984. In the petition in each case he filed a notarized affidavit stating that he did not have any federal income tax liability and was not required to perform any acts with regard to the Internal Revenue Code. Because of the patent frivolousness of such a position, the court issued its show cause order under Rule 11 of the Federal Rules of Civil Procedure.

Although petitioner now appears by counsel he has, at all prior times, appeared *pro se.* The Internal Revenue Service summons (Form 2039 Rev.Dec.1983) contains certain excerpts from the Federal Rules of Civil Procedure, including Rule 11. However, the quoted Rule 11 as shown on the summons does not include the 1983 amendments. Also as a part of the summons served on petitioner, there were "instructions for preparing petition to quash" setting forth the rights of petitioner to contest the validity of the summons and giving him detailed instructions on how that could be accomplished. Among the instructions was one numbered "8" reading "your petition must be signed as required by Federal Rule of Civil Procedure 11."

Petitioner is a medical doctor obviously well educated, who is presumed to know the law. However, this court is reluctant to impose sanctions on him for violating Rule 11 of the Federal Rules of Civil Procedure when the very summons which he received contained an outdated version of that rule which did not show the provisions for sanctions. No criticism of the Internal Revenue Service is intended by this holding as it obviously takes a period of time after amendments are adopted before they can be included in new forms. Nevertheless, the court feels that it would not be proper to impose sanctions on petitioner.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that no sanctions be imposed.