**UNITED STATES of America and Dennis J. Hanzel, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,**

v.

**Jay T. WILL, Defendant-Appellant.**

**No. 80–3680.**

United States Court of Appeals, Sixth Circuit.

Submitted on Briefs Dec. 16, 1981.

Decided Feb. 24, 1982.

Eugene Matan, Columbus, Ohio, for defendant-appellant.

Albert Ritcher, Asst. U. S. Atty., Columbus, Ohio, John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, William A. Whitledge, Philip I. Brennan, Dept. of Justice, Tax Div., Washington, D. C., for plaintiffs-appellees.

Before BROWN and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

Appellant Jay T. Will appeals from the district court's order granting enforcement of an Internal Revenue Service (IRS) summons. Appellant contends that the summons was issued in bad faith and for purposes of harassment. He also urges that the district court erred in limiting his attempt to prove this fact. For the reasons stated below, we affirm the district court's decision.

During the spring of 1978, Dennis J. Hanzel, a special agent of the IRS, learned that Jay T. Will (hereinafter taxpayer) was accumulating numerous assets. After examining a number of the taxpayer's returns for several previous years, and after acquiring additional information, Special Agent Hanzel concluded that the taxpayer had no likely source of income which would permit him to acquire the assets he allegedly owned. Accordingly, in October 1979, a formal investigation into taxpayer's tax liability for the 1975–78 tax years was commenced with Special Agent Hanzel assigned to conduct this probe. The investigation was a joint one; that is, an investigation conducted by both the Examination and Criminal Investigation Divisions of the IRS with Revenue Agent Marilyn J. Brannam assigned to assist Agent Hanzel.

On October 25, 1979, Special Agent Hanzel personally served the taxpayer with an IRS summons. This summons directed the taxpayer, as president of Jay T. Will Karate Studio, Inc., to produce certain books and other records of that corporation. Subsequently, on November 1, 1979, Agent Hanzel met with taxpayer and his counsel. At this meeting, the taxpayer produced a few of the requested records but also indicated that he had not decided whether to comply fully and voluntarily with the summons. Later that same day, Agents Hanzel and Brannam visited the office of Paul Knouff, a Certified Public Accountant (CPA) who had prepared the taxpayer's returns since 1968. On a subsequent visit, Special Agent Hanzel was permitted to microfilm portions of Knouff's file on the taxpayer.

Upon taxpayer's failure to comply with the summons, Special Agent Hanzel petitioned the District Court for the Southern District of Ohio to enforce the summons. After examining the pleadings, Judge Robert M. Duncan ordered the taxpayer to show cause why the summons should not be enforced and scheduled a hearing for September 25, 1980. Prior to that date, on September 9, 1980, taxpayer subpoenaed Special Agent Hanzel to appear at the September 25th hearing and bring with him any records obtained in the course of his investigation. Hanzel responded by serving the taxpayer with a motion to quash this subpoena. Judge Duncan reserved ruling upon this motion until after he had heard the parties' preliminary arguments on the merits of the enforcement petition.

Special Agent Hanzel was the only person to testify at the hearing. On direct examination, Hanzel recited that: (1) the purpose of his investigation was to determine the correct tax liability of taxpayer for the years in question; (2) he was authorized as a special agent to issue the summons; (3) at the time of its issuance, none of the records sought by the summons were in his possession; and (4) the requested information was relevant to his inquiry. Hanzel also stated that, as of the date of the hearing, no conclusion had been formed to recommend a criminal prosecution of the taxpayer nor had any recommendation been made to the Justice Department. On cross-examination, Special Agent Hanzel admitted that he had contacted the United States Postal Service for the purpose of monitoring the taxpayer's mail for a period of sixty days in January and February, 1980.[1] In addition, Special Agent Hanzel also testified that the taxpayer had been the subject of surveillance.

After hearing this testimony, the district court ordered that the summons be enforced. This decision was entered by Mem-

---

1. This process involved a determination of the sender or recipient of the taxpayer's mail and did not involve an opening of his correspondence. Following the monitoring process, postal officials supplied Special Agent Hanzel with

orandum and Order on October 2, 1980.[2] As part of this order, Judge Duncan granted the agent's motion to quash taxpayer's subpoena. Taxpayer then moved for a new trial. The district court denied this motion and, thereafter, taxpayer filed a timely notice of appeal and obtained a stay of the order.

On appeal, taxpayer offers a plethora of arguments to buttress his belief that the summons should not be enforced. Some of these arguments were addressed by the district court below; others were raised in taxpayer's motion for a new trial and summarily rejected.

At the outset, taxpayer asserts that the summons was not issued in good faith, but rather was part of a pattern of harassment. To substantiate this claim, taxpayer asks this Court to consider Special Agent Hanzel's use of clandestine methods of investigation (i.e., monitoring of mail and surveillance) and the fact that the IRS has summoned materials for the taxable year 1975, a year for which the general statute of limitations has run,[3] as evidence of this harassment. Additionally, taxpayer asserts that the agent's inducement, by deception, of his accountant to permit a microfilming of the accountant's records and the agent's failure to follow normal IRS procedures are indicative of bad faith.

Section 7602[4] of the Internal Revenue Code, 26 U.S.C. § 7602, provides that the IRS, through the use of an administrative summons, may examine any books, papers, records, or persons in determining the tax liability of any person or ascertaining the correctness of any return. The IRS, however, has no power of its own to enforce the summons but must apply to the district court in order to compel production of the requested materials. 26 U.S.C. § 7604. A prima facie case for enforcement is established by demonstrating that: (1) the investigation has a legitimate purpose; (2) the summoned materials are relevant to that investigation; (3) the information sought is not already within the IRS's possession; and (4) the IRS has followed the procedural steps outlined in 26 U.S.C. § 7603. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement. *United States v. Garden State National Bank*, 607 F.2d 61, 68 (3rd Cir. 1979). Once this showing is made, the burden shifts to the taxpayer to demonstrate that enforcement of the summons would be an abuse of the court's process. As articulated by the ,Supreme Court in *United States v. Powell, supra*:

a list of names of individuals or businesses that had corresponded with the taxpayer.

**2.** This decision, styled as *United States of America, et al. v. Will*, appears at 527 F.Supp. 361 (S.D.Ohio 1980).

**3.** The statute of limitations for assessment of taxes is set forth in 26 U.S.C. § 6501(a) which provides:

GENERAL RULE. Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) ... and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Taxpayer asserts that in order to enforce a summons for records pertaining to a year for which the limitation has run, the government must make an allegation of fraud in order to fit within the statutory exception to the above rule. *See* 26 U.S.C. § 6501(c)(1). , In the ab-

sence of such an allegation, as in the present case, taxpayer asserts that the only reasonable conclusion is that the government is seeking to enforce the summons solely for criminal purposes. *See, infra* at 967.

**4.** 26 U.S.C. § 7602 provides:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ..., or collecting any such liability, the Secretary is authorized—

\* \* \* \* \*

(2) To summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ... to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

Such an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation.

379 U.S. at 58, 85 S.Ct. at 255. Moreover, if criminal prosecution has been recommended by the IRS agent before issuance of the summons, or if the summons is being issued in aid of a solely criminal investigation, determined by looking at the institutional posture of the IRS, the summons will not be enforced. *United States v. LaSalle National Bank*, 437 U.S. 298, 318, 98 S.Ct. 2357, 2368, 57 L.Ed.2d 221 (1978). *See also* Note, *The Institutional Bad Faith Defense to the Enforcement of IRS Summonses*, 80 Colum. L.Rev. 621 (1980).

 There is no dispute that the government met its burden of establishing a prima facie case, and our review of the record indicates that the taxpayer has failed to demonstrate that enforcement of the summons would be an abuse of the court's process. The district court considered the taxpayer's contention that the summons was issued in bad faith and for harassment purposes, and found this argument to be without merit. It similarly rejected taxpayer's argument that the government was precluded from obtaining information relating to the 1975 tax year. We agree with these conclusions and expressly rely on the reasoning of Judge Duncan as set forth in his Memorandum Opinion.

 Moreover, taxpayer's claim that Special Agent Hanzel, without notice, approached his accountant and, by trickery, induced this person to permit a copying of his file on taxpayer is likewise without merit. The CPA's affidavit, submitted in conjunction with taxpayer's motion for a new trial, clearly reflects that he was informed that the agent was there concerning the tax liability of Mr. Will and that the CPA voluntarily permitted a review and filming of the files. Further, there is no authority to support the taxpayer's contention that he must be informed before an agent may contact third parties in a continuing investigation. The taxpayer points to ¶ 442.2(2), Volume I, of the Internal Revenue Manual-Audit (CCH) which provides:

(2) If records are not produced, or it is claimed that they do not exist, *the agent, after apprising the subject or the subject's representative of the agent's intention*, should proceed with the indirect method of determining income; namely, net worth, source and application of funds, bank deposits, etc. This will be principally accomplished by third party contacts. (Emphasis added.)

It suffices to say that this provision is inapposite to the present case since it applies to in-depth audits performed by members of the Examination Division. Special Agent Hanzel, however, is covered by the provisions embodied in 5 Internal Revenue Manual-Administration (CCH) ¶ 9100, *et seq.*, which govern the conduct of agents of the Criminal Investigation Division. Our review of these guidelines reveals that there is no notice requirement present. Assuming *arguendo* that this section or one similar to it did apply to Special Agent Hanzel, we note that such a guideline, adopted solely for the internal administration of the IRS, rather than for the protection of the taxpayer, does not confer any rights upon the taxpayer. *United States v. Arthur Andersen & Co.*, 598 F.2d 610 (2d Cir. 1979); *cf. Rosenberg v. Commissioner of Internal Revenue*, 450 F.2d 529, 532–33 (10th Cir. 1971) (revenue procedures are directory and not mandatory); *Cleveland Trust Co. v. United States*, 421 F.2d 475, 481–82 (6th Cir.), *cert. denied*, 400 U.S. 819, 91 S.Ct. 35, 27 L.Ed.2d 46 (1970) (same). Accordingly, we find no impropriety in Special Agent Hanzel's conduct and find no reason why the present summons should not be enforced.

The taxpayer also complains of the manner in which Judge Duncan conducted the summons hearing. Specifically, taxpayer argues that, in this hearing, he attempted to demonstrate that many of the records sought were already in the agent's possession. He avers that the district court completely thwarted this attempt in the following manner: (1) by denying *in camera* inspection of the documents in the agent's possession; (2) by granting the govern-

ment's motion to quash his subpoena; and (3) by "prematurely terminating" his cross-examination of Special Agent Hanzel. As a result of these actions, taxpayer claims that the district court deprived him of a full hearing and requests that we grant him a new one. However, we find no error in the district court's management of the summons proceeding.

A proceeding seeking enforcement of an IRS summons is an adversary proceeding. *United States v. Powell, supra.* However, such a proceeding is of a summary nature: a summonee, bearing the burden of proving bad faith, harassment, or some other abuse, must only be afforded an opportunity to substantiate his allegations. *United States v. Church of Scientology,* 520 F.2d 818, 824 (9th Cir. 1975). However, defining the permissible scope of the hearing is a decision left to the discretion of the district court. *Id.* at 825. If it concludes that it cannot fairly decide the case on the evidence before it, the court is free to direct such further proceedings as its discretion dictates; conversely, if the evidence is sufficient, no further hearing is needed. *See United States v. McCarthy,* 514 F.2d 368, 373 (3rd Cir. 1975).

In the instant case, the taxpayer argues that the termination of his cross-examination denied him a full hearing, citing *United States v. Joseph,* 75–1 USTC ¶ 9369 (6th Cir. Feb. 25, 1975) (No. 74–7006). In *Joseph,* the district court, in a summons enforcement hearing, limited the summonee's cross-examination of the IRS agent who initiated and carried forward the investigation. The effect of this action was to place "before this [c]ourt a record from which no determination can be made as to the good faith of the [IRS] in issuing the challenged summons." *Id.* Accordingly, this Court remanded for a new hearing. No such relief is mandated in the case at bar for the record makes clear that the taxpayer did have a sufficient opportunity

to substantiate his allegations. Our review of the record reveals that the taxpayer engaged in substantial cross-examination and, as the district court correctly noted, that further examination would have served no purpose. *Compare United States v. Church of Scientology, supra.* Nor are we faced by the dilemma present in *Joseph, supra,* because the record before this Court permits us to determine the good faith of the IRS. A new hearing is not required.

The taxpayer also asserts that the district court abused its discretion by not granting discovery. This, like taxpayer's other arguments, must be rejected. The Federal Rules of Civil Procedure do have an application to a summons proceeding, *Donaldson v. United States,* 400 U.S. 517, 528–29, 91 S.Ct. 534, 541, 27 L.Ed.2d 580 (1971), and Fed.R.Civ.P. 81(a)(3) expressly so provides. "But the Civil Rules are not inflexible in this application." *Donaldson, supra* at 528, 91 S.Ct. at 541. Rule 81(a)(3) specifically recognizes that a district court, by rule or by order, may limit the application of the rules in a summons proceeding. Therefore, there is no unqualified right to pretrial discovery in a summons enforcement proceeding. To impose such a right would often destroy the summary nature of such a proceeding. Rather, the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse. *United States v. Moon,* 616 F.2d 1043, 1047 (8th Cir. 1980). As indicated above, the taxpayer failed to make the requisite showing of abuse. Thus, the district court did not err in quashing his subpoena or by denying his motion for an *in camera* inspection.[5]

Finding no other error, the judgment of the district court is AFFIRMED.

---

5. We also observe that discovery in this case would serve little or no purpose. Taxpayer attempted to demonstrate that the summons requested records that were produced by his counsel and accountant. Cross-examination of Hanzel revealed that only a few of the requested documents were in his possession. Moreover, taxpayer could easily have determined what documents were in the agent's possession, simply by asking *his* accountant or attorney. After all, these were the only individuals who supplied records to the agent.