816 F.2d 683
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America and Barry Begeny, Revenue Agent of
the Internal Revenue Service, Petitioners-Appellee,
v.
Joseph ROSANOVA and Frank Pasternak, Respondents-Appellant.
 Nos. 85-1548, 85-1549.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1987.
 
 Before KEITH and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Respondents-appellant Joseph Rosanova and Frank Pasternak ("taxpayers") appeal the district court orders enforcing summonses issued by the Internal Revenue Service ("Service") for the production of documents relating to a tax shelter promoter investigation. Because we find no error in the district court's findings supporting enforcement of the summonses, we AFFIRM the order of the district court.
 
 
 2
 Taxpayers were the focus of a Service investigation of allegedly abusive tax shelters. The Service, as part of its investigation, issued a summons to each taxpayer requiring the production of certain documents relating to the taxpayers' co-tenancy interest in an entity which engaged in the leasing and marketing of master recordings. The Service sought enforcement of the summonses from the district court and presented in support of its motion affidavits of the investigating agent. The agent attested that: (a) the purpose of the summonses was to investigate the taxpayers in connection with potential civil liability for abusive tax shelters; (b) the material requested by the summonses was necessary to the investigation; (e) the material requested was not within the Service's possession and (d) the Service had exhausted all administrative steps and procedures necessary for the issuance and service of the summonses. In response, taxpayers submitted motions and affidavits arguing, inter alia, that the summonses were overbroad in that they sought information for a time period before the date of taxpayers' exposure to potential civil liability. Taxpayers also argued that the Service was barred from enforcing the summonses because it did not file a compulsory counterclaim in their pending federal suit seeking to quash summonses issued by the Service to third parties.[1] The district court reviewed the submissions of both parties and found nothing "excessive, unreasonable or arbitrary with regard to the request of the Revenue Service." The taxpayers appeal and renew their arguments made in the district court. Taxpayers also argue on appeal that they were entitled to a limited evidentiary hearing on their allegations of the Government's bad faith in enforcing the summons. We disagree.
 
 
 3
 In order to make out a prima facie case for the enforcement of its summonses, the Service must show its good faith by proving four factors:
 
 
 4
 1. Legitimate purpose for the Service's investigation;
 
 
 5
 2. Relevance of the material sought;
 
 
 6
 3. Material not already within the Service's possession and
 
 
 7
 4. Compliance with the Internal Revenue Code in issuing and serving the summons.
 
 
 8
 United States v. Powell, 379 U.S. 48, 57-58 (1964).
 
 
 9
 To establish the prima facie case, the Service need only make a minimal offer of proof on the above requirements. An affidavit of the investigating agent is usually ample proof. United States v. Will, 671 F.2d 963 (6th Cir. 1982); United States v. Kis, 658 F.2d 526, 535-536 (7th Cir. 1981), cert. denied sub nom. Salkin v. United States, 455 U.S. 1018 (1982). As to the factor of relevance, the test is whether an inspection of the records sought might assist the Service in determining the extent of the taxpayer's liability. Kis 658 F.2d at 537. The Supreme Court has held that relevance need not be as broadly defined as it is in the Federal Rules of Evidence. United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984).
 
 
 10
 Once the Service makes a prima facie showing, the burden shifts to the taxpayer to show that substantial deficiencies existed in the summons proceedings. If that burden is not met, the summons must be enforced. "In responding to the Government's showing, it is clear that a taxpayer must factually oppose the Government's allegations by affidavit. Legal conclusions or mere memoranda of law will not suffice. Allegations are insufficient ... if conclusionary. If at this stage the taxpayer cannot refute the government's prima facie ... showing or cannot factually support a proper affirmative defense, the district court should dispose of the proceedings on the papers before it without an evidentiary hearing." United States v. Balanced Financial Management, 769 F.2d 1440, 1444 (10th Cir. 1985) (citations omitted); see also United States v. Samuels, Kramer and Co., 712 F.2d 1342, 1347 (9th Cir. 1983).
 
 
 11
 In the instant case, the Service made a prima facie showing for the enforcement of the summonses by submitting the affidavit of its investigating agent. Though the taxpayers argue that the summonses were overbroad, we find no error in the district court's finding that the data sought for a period before the date of potential tax liability was relevant to the investigation. Courts generally allow the Service to cast a broad net in the scope of its summons. See e.g. United States v. Southwestern Bank & Trust, 693 F.2d 994 (10th Cir. 1982). For their part, the taxpayers presented no evidence other than unsubstantiated allegations in their affidavits to rebut the Service's showing that the documents requested were relevant. The allegations were not factually supported and were conclusory in nature. The district court was therefore not in error for failing to have a limited evidentiary hearing. Balanced Financial Management, 769 F.2d at 1444.
 
 
 12
 The taxpayers' remaining argument, that the Service is prevented from obtaining summons enforcement because it did not file a compulsory counterclaim, also must fail. The taxpayers had filed complaints in district court to quash Service summonses issued to third parties. District court jurisdiction to hear this type of case is conferred by 26 U.S.C. Sec. 7609(h). There is an exception, however, to Section 7609 jurisdiction. That exception excludes from the district court's purview those suits to quash summons served directly on the taxpayers. See 26 U.S.C. Sec. 7609(a)(4)(A). Jurisdiction over a taxpayer summons is conferred by a different part of the Internal Revenue Code 28 U.S.C. Secs. 7402(b) and 7604(a). Here, the taxpayers seek to contest the summonses issued directly to them. The district court considering the third party summonses under Sec. 7609(h) therefore lacked the jurisdiction to consider the instant enforcement action in the form of a compulsory counterclaim. The enforcement action was properly considered under the separate jurisdiction of the district court pursuant to Secs. 7402(b) and 7604(a).
 
 
 13
 Accordingly, having found appropriate jurisdiction and a prima facie showing of entitlement to enforcement, we AFFIRM the enforcement orders entered by the Honorable Avern J. Cohn, United States District Court for the Eastern District of Michigan.
 
 
 
 [1]
 Taxpayers' additional argument that the district court lacked jurisdiction to enforce the summonses because miscellaneous docket numbers were assigned to the enforcement action is devoid of merit