849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America and Ronald E. Woytalewicz, Revenue
Agent for the Internal Revenue Service,
Petitioners-Appellees,
v.
PATMON, YOUNG & KIRK, P.C., Patmon & Young, P.C., Patmon
Young & Kirk, P.C., Frederick A. Patmon,
President, and Patmon & Young, P.C.,
Frederick A. Patmon,
President,
Respondents-Appellants,
and
Bank of the Commonwealth, J.L. Hudson Company, and City
National Bank of Detroit, Respondents,
and
Frederick A. Patmon, Intervenor-Appellant.
 No. 82-1827.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before ENGEL, Chief Judge, KRUPANSKY, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Respondents-appellants (appellants) appealed from the district court's order enforcing eleven Internal Revenue Service (IRS) summonses.[1] The record disclosed the following facts.
 
 
 2
 In 1981, petitioner-appellee IRS Agent Ronald E. Woytalewicz (Woytalewicz) initiated an investigation of Patmon's tax liability for the taxable years 1977 and 1978. The routine investigation was prompted by the IRS computer system which disclosed that Patmon had invested in a "tax shelter" during those years. In the course of his investigation, Woytalewicz was required to determine the correct tax liability of Patmon, Young & Kirk, P.C. (PYK) and Patmon & Young, P.C. (PY), two legal professional corporations of which Patmon was president and in which he held an ownership interest. In furtherance of his audit, Woytalewicz issued a number of summonses to PYK, PY, and various financial institutions directing them to produce financial records required to determine PYK's, PY's, and Patmon's tax liabilities.
 
 
 3
 Patmon refused to comply with the summonses issued to him as president of PYK and PY, and by written notice directed the third-party recordkeeper financial institutions not to comply with the summonses issued to them. On April 1 and 8, 1982, the IRS commenced the present proceedings to judicially enforce the administrative summonses. See 26 U.S.C. Sec. 7402(b) and 7604(a). In affidavits attached to the petitions, Woytalewicz attested to his on-going investigation of the taxpayers' tax liabilities, that the documents requested were not then within the possession of the IRS, that all of the administrative procedures for issuance of the summonses had been implemented, and that the information requested was necessary to complete the investigation. The eleven separate proceedings were consolidated by the district court and assigned to Judge Boyle. On April 30, 1982, the district court ordered appellants to show cause why the petitions for enforcement should not be granted. Appellants replied by filing a notice to depose Woytalewicz which deposition was continued by the district court until further notice. Appellants also filed numerous motions to disqualify Judge Boyle and government counsel which motions were denied.
 
 
 4
 On August 6, 1982, the court conducted a show cause hearing on the petitions for enforcement during which Woytalewicz testified that he was conducting a routine investigation of Patmon's, PYK's and PY's tax liability, that the information requested was necessary to complete that investigation, that to his knowledge, none of the information was then in the possession of the IRS, that he had not referred the case to the Criminal Investigation Division of the IRS, and that he was unaware of any criminal investigation of the matter. Government counsel then explained that PYK and PY had provided some of the requested records to the IRS pursuant to earlier summonses issued by another agent in the course of his investigation of Hallison Young, Patmon's partner. See United States v. Young, 532 F.Supp. 334 (E.D.Mich.1981), aff'd in part, dismissed in part, 718 F.2d 1101 (6th Cir.1983), cert. denied, 466 U.S. 903, 104 S.Ct. 1677, 1678, 80 L.Ed.2d 152, 153 (1984). Accordingly, the government stipulated that the scope of the summonses would be limited to those documents not previously produced by the appellants.
 
 
 5
 On September 23, 1982, the district court issued its opinion from the bench granting enforcement of the summonses, and judgment was entered on September 27, 1982. On September 30, 1982, the court amended its original order to limit enforcement to those documents not previously produced and ordered compliance by October 12, 1982. On October 5, 1982, the district court again amended its order directing compliance by October 20, 1982. On October 19, 1982, appellants commenced this timely appeal.
 
 
 6
 On appeal, appellants asserted numerous assignments of error. Initially, they have argued that the IRS failed to prove a prima facie case to support the enforcement of its summonses. To prove a prima facie case for enforcement, the IRS:
 
 
 7
 must show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the [IRS's] possession, and that the administrative steps required by the Code have been followed....
 
 
 8
 United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). "The government bears the initial burden of proving that the four Powell requirements have been satisfied. Once the government makes the required Powell showing, the burden then shifts to the party resisting the summons to challenge the summons on any appropriate ground." United States v. Barrett, 837 F.2d 1341, 1345 (5th Cir.1988) (en banc) (citations omitted).
 
 
 9
 Woytalewicz's affidavit and testimony in the instant case was sufficient to prove a prima facie case for enforcement of the summonses. He stated that he was conducting an investigation to assess the taxpayers' correct liability, that the information requested was necessary for that purpose, that the IRS did not then have possession of the information, and that he followed the proper administrative procedure for issuance of the summonses. Accordingly, this assignment of error is without merit.
 
 
 10
 Appellants next asserted that they had rebutted the prima facie case for enforcement by alleging that the summonses had been issued in the course of a criminal investigation in violation of United States v. LaSalle Nat'l Bank, 437 U.S. 298, 311-12, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978) (26 U.S.C. Sec. 7602 does not authorize issuance of summons for the purpose of obtaining evidence to be used in criminal prosecution).[2] Woytalewicz testified that he was aware of no criminal investigation of the appellants and that his investigation was commenced merely to determine appellants' civil tax liability. The district court concluded that Woytalewicz's testimony was credible, that appellants had failed to demonstrate that the summonses were issued for an improper purpose, and that appellants were not the subjects of a criminal investigation. Those findings were not clearly erroneous, and the alleged assignment of error is, therefore, without merit.
 
 
 11
 Appellants have also argued that the district court abused its discretion by not granting their request for discovery, i.e., not permitting them to depose Woytalewicz and by limiting their cross-examination of Woytalewicz during the show cause hearing.
 
 
 12
 [T]here is no unqualified right to pretrial discovery in a summons enforcement proceeding. To impose such a right would often destroy the summary nature of such a proceeding. Rather, the use of discovery devices in summons enforcement proceedings should be limited to those cases where the taxpayer makes a preliminary and substantial demonstration of abuse.
 
 
 13
 United States v. Will, 671 F.2d 963, 968 (6th Cir.1982). As noted above, appellants failed to make a preliminary and substantial showing of abuse, and this assignment of error is, therefore, without merit. Furthermore, appellants engaged in substantial cross-examination of Woytalewicz during the show cause hearing. The district court did not abuse its discretion by limiting cross-examination in the summons enforcement proceedings when it provided respondents "sufficient opportunity," through cross-examination, to make a preliminary and substantial showing that the summonses were issued for an illegitimate purpose. Will, 671 F.2d at 968. Accordingly, the charged assignment of error is without merit as well.
 
 
 14
 Appellants have also argued that the alleged unlawful disclosure of their tax returns in violation of 26 U.S.C. Sec. 6103 was a defense to enforcement of the summonses.[3] Even if this court were to conclude that the disclosures were unlawful, disclosure of confidential return information is not a defense in a summons enforcement proceeding. United States v. Barrett, 837 F.2d 1341 (5th Cir.1988) (en banc). Accordingly, the asserted assignment of error is without merit.
 
 
 15
 This court has considered appellants' remaining assignments of error and concluded that they are without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The respondents-appellants are Patmon, Young & Kirk, P.C. (PYK), Patmon & Young, P.C. (PY), Frederick A. Patmon (Patmon) as President of PYK, and Patmon as President of PY. Patmon, the taxpayer-intervenor in the summons enforcement proceedings is also an appellant herein
 The eleven summonses were issued to PYK and PY as taxpayers and to PYK, PY, and various financial institutions as third-party recordkeepers which had possession of records relevant to determining the taxpayers' liability. See 26 U.S.C. Sec. 7609.
 
 
 [2]
 26 U.S.C. Sec. 7602(b) was amended after the issuance of the summonses in the case at bar to permit the issuance of a summons for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws." See United States v. Millman, 822 F.2d 305, 308 (2d Cir.1987)
 
 
 [3]
 26 U.S.C. Sec. 6103 provides that tax returns and return information are confidential and prohibits their disclosure except as specified in that section