877 F.2d 62
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Randall L. CHANNELL, Petitioner-Appellant,
v.
UNITED STATES of America, Douglas McEwen, Special Agent of
IRS, Respondents-Appellees.
 Nos. 88-6294, 88-6295.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1989.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges; and DAVID D. DOWD, District Judge.*
 
 ORDER
 
 2
 In these consolidated appeals, Randall Channell, a pro se Kentucky resident, appeals the district court's judgments denying his petitions to quash and granting enforcement of ten administrative summonses issued by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. Sec. 7602. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The IRS launched an investigation of Channell when he failed to file income tax returns for the years 1984-1986. In October 1987, IRS Special Agent McEwen issued third-party recordkeeper summonses to four financial institutions directing their officers to produce records relating to Channell's financial transactions during the time period in question. Channell then filed the first petition to quash summonses under 26 U.S.C. Sec. 7609(b)(2)(A). Channell argued that the summonses were unenforceable because: 1) he was not liable to the IRS for income taxes because he was a private individual and a resident of Kentucky; 2) the summonses were issued for an illegitimate purpose; and, 3) Agent McEwen failed to follow administrative procedures before issuing the summonses. The magistrate conducted an evidentiary hearing, and ultimately recommended the petition be dismissed and sanctions be imposed pursuant to Fed.R.Civ.P. 11. The magistrate found that the government had established a prima facie case for enforceability of the summonses, and that Channell did not sustain his burden of showing enforcement of the summonses would be an abuse of the court's process. On de novo review, the district court accepted the magistrate's recommendation to dismiss the petition, but the court declined to impose Rule 11 sanctions. Thereafter, Channell appealed (Case No. 88-6294).
 
 
 4
 During the interim, Agent McEwen issued additional summonses to six other financial institutions in April 1988. Channell filed another petition to quash the summonses raising the same claims as the initial petition, and additionally arguing that Agent McEwen carried a firearm during a visit to Channell's residence, and that the notice of summonses was sent to his residence rather than to his correct mailing address. The district court, over Channell's objections, accepted the magistrate's recommendation that the petition be dismissed. Thereafter, Channell appealed (Case No. 88-6295) and this court ordered the cases be consolidated for briefing and submission purposes.
 
 
 5
 Initially, we note that in his appellate brief, Channell raises only one issue regarding the enforceability of the administrative summonses; namely, whether Agent McEwen was authorized to issue the summonses without prior supervisory approval. Because Channell has only reasserted one claim on appeal, we will not address the other claims raised in the district court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 6
 A district court may enforce an IRS administrative summons under 26 U.S.C. Sec. 7604 only if a prima facie case for enforcement is established by demonstrating: 1) the investigation has a legitimate purpose; 2) the summoned materials are relevant to that investigation; 3) the information sought is not already within the possession of the IRS; and, 4) the IRS has followed the required administrative procedures. See United States v. Powell, 379 U.S. 48, 57-58 (1964). Once the government establishes a prima facie case, the burden shifts to the taxpayer to demonstrate enforcement of the summonses would be an abuse of the court's process. United States v. Will, 671 F.2d 963, 966-67 (6th Cir.1982).
 
 
 7
 The district court properly dismissed the petitions and granted enforcement of the administrative summonses. Channell argued that the government failed to make out a prima facie case because Agent McEwen failed to follow the proper administrative procedures because McEwen did not first obtain supervisory approval before issuance of the summons as required by Delegation order No. 4, Revision 15 (49 Fed.Reg. 13946 (1984)). Agent McEwen was however authorized to issue the summonses without supervisory approval because at the time the summonses were issued (October 27, 1987 and April 28-29, 1988) Revision 15 had been superseded by Revisions 17 and 18 which eliminated the requirement of supervisory approval.
 
 
 8
 Channell argued that Revisions 17 and 18 were invalid because they were not published in the Federal Register as required by the Administrative Procedure Act, 5 U.S.C. Sec. 552. We conclude that Revisions 17 and 18 were valid as it was not necessary that they be published in the Federal Register as the revisions were merely internal rules delegating authority to special agents to issue third party summonses without supervisory approval. See D & W Food Centers, Inc., v. Block, 786 F.2d 751, 757 (6th Cir.1986); Hogg v. United States, 428 F.2d 274, 280 (6th Cir.1970), cert. denied, 401 U.S. 910 (1971).
 
 
 9
 Accordingly, the district court's judgments are hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation