928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
Michael T. GLASPIE, Respondent-Appellant.
 No. 90-2198.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1991.
 
 E.D.Mich. No. 90-60955; Zatkoff, J.
 E.D.Mich.
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael T. Glaspie, a pro se Michigan taxpayer, appeals the district court's order granting enforcement of an Internal Revenue Service summons against him and ordering him to appear with his financial records before an IRS Revenue Officer on November 9, 1990. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App. P. 34(a).
 
 
 2
 On October 6, 1989, Joanne Monacelli, a Revenue Officer with the IRS, issued a summons to Glaspie pursuant to 26 U.S.C. Sec. 7602 and 26 C.F.R. Sec. 301.7602-1 in connection with an investigation into Glaspie's tax liability for the tax years ending 1984 through 1988. Glaspie had failed to file tax returns for any of those years. Glaspie acknowledged receipt of the summons, but did not appear at the appointed time. Monacelli granted him two extensions, the second until March 7, 1990, but again Glaspie did not appear.
 
 
 3
 On May 25, 1990, Monacelli filed a Petition to Enforce Internal Revenue Service Summons with the U.S. District Court. The petition was accompanied by Monacelli's Declaration. The court issued an order on May 31, 1990 directing Glaspie to show cause why he should not obey the IRS summons. Because of difficulty in effecting service of process, the court was obliged to issue two amended show cause orders. The second amended order, issued on August 28, 1990, permitted service by delivering a copy of the order along with the petition and attached exhibits to Glaspie personally, or by leaving copies at his home with "some person of suitable age and discretion." Within ten days of service, Glaspie was to file and serve a written response. Glaspie was also ordered to appear before the court on October 25, 1990. This order was served upon Glaspie's wife on October 5, 1990.
 
 
 4
 Glaspie did appear in court and at that time moved for dismissal of the IRS petition on three grounds, one of which claimed that the petition was not properly served. The court denied Glaspie's motion and granted the IRS's petition. In an order filed on October 29, 1990, the district court ordered Glaspie to appear with his financial records before Monacelli or her designated representative on November 9, 1990.
 
 
 5
 On appeal, Glaspie continues to argue the merits of his motion to dismiss, claiming that he was not given an opportunity to develop his arguments at the hearing before the district court. On November 5, 1990, Glaspie petitioned the district court for a stay pending appeal; his petition was denied on November 6, 1990. A panel of this court then denied a stay in an order filed on November 13, 1990.
 
 
 6
 Glaspie has presented no evidence showing that enforcement of the IRS summons would be an abuse of the court's process. United States v. Will, 671 F.2d 963, 966 (6th Cir.1982). Accordingly, the district court's order filed October 29, 1990 is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.