Timothy P. RUSSELL, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 1:94–CV–673.

United States District Court,
W.D. Michigan,
Southern Division.

Jan. 9, 1995.

Timothy P. Russell, pro se.

Agnes M. Kempker–Cloyd, U.S. Asst. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, Christine A. Grant, Trial Atty., U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

## OPINION

QUIST, District Judge.

Petitioner filed a motion to quash Internal Revenue Service (IRS) summonses issued to financial institutions requesting information regarding petitioner's accounts. The gravamen of petitioner's motion alleges that the IRS issued the summonses without lawful authority and without due process of law. Respondent filed a motion for summary denial of petitioner's motion to quash and for enforcement of the IRS summonses pursuant to 26 U.S.C. § 7609(b)(2)(A).

---

1. The declaration also avers that petitioner owned and operated Advance Benching and Pol-

## BACKGROUND FACTS

Internal Revenue Service Special Agent Kraig S. Kuklewski is currently investigating the tax liabilities of the petitioner for the years 1990 through 1993. According to the declaration of Agent Kuklewski (Declaration), which is attached to respondent's motion, petitioner has not filed federal income tax returns for the years 1990 through 1993, even though he received Form 1099 income in 1990 and 1991 from Precision Benching and Polishing, a corporation allegedly owned by petitioner's brother Orval Russell.[1]

Respondent alleges that Agent Kuklewski learned during his investigation that petitioner may have engaged in financial and mortgage transactions with Grand Rapids Federal Employees Credit Union, FMB–Grand Rapids, Old Kent Bank and Trust Co., NBD Bank, and Byron Center State Bank for the years 1990 through 1993. Agent Kuklewski believes that the aforementioned financial institutions may be in possession of books, records, or other data relating to petitioner's income and tax liability for the periods of time in question.

Respondent asserts that in accordance with 26 U.S.C. § 7602 Agent Kuklewski issued IRS summonses to Grand Rapids Federal Employees Credit Union, FMB–Grand Rapids, Old Kent Bank and Trust Co., NBD Bank, and Byron Center State Bank. Respondent also asserts that pursuant to 26 U.S.C. § 7609 notice of the issuance of each summons was given to the petitioner and his wife.

Petitioner claims that the summonses were not issued in good faith or for any legitimate purpose, that the information sought is not relevant to any legitimate purpose, the data sought is already in respondent's possession, and the administrative steps required by the Internal Revenue Code have not been followed.

## DISCUSSION

■ The IRS has the authority to issue summonses to third parties to obtain infor-

ishing. Declaration p. 1.

mation that may be of assistance in ascertaining the correctness of any return, making a return where none has been made, and determining the liability of any person for any internal revenue tax.[2] Special procedures for issuing third party summonses are set forth at 26 U.S.C. § 7609.[3]

██ In order to establish a prima facie case for enforcement of a summons the IRS only has to make a minimal showing that it issued the summons for a legitimate purpose, that the information sought is relevant to that purpose, that the information sought is not in the possession of the IRS and that the IRS has followed all administrative steps required by statute. *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir.1990); *United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982); *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964). A summons may also be issued to gather evidence concerning a possible violation of the criminal provisions of the Internal Revenue Code as long as there is no Department of Justice referral in effect. *Godwin v. United States*, 564 F.Supp. 1209, 1211 (D.Del.1983). An affidavit of the agent who issued the summons and who is seeking enforcement is sufficient to establish the prima facie case. *Id.* at 1212 (citations omitted).

██ In the instant case the declaration of Agent Kuklewski establishes all of the requisite standards thereby presenting to the Court a prima facie case for enforcement of the summonses. Agent Kuklewski issued the summonses for the purpose of determining the petitioner's correct income tax liabilities for the years 1990 through 1993, all years during which the petitioner failed to file returns. Declaration p. 1. Additionally, the information requested in the summonses relates directly to the sources and amounts of income the petitioner may have had for the years 1990 through 1993.[4] Respondent admits that it has some documents from Old Kent Bank and Trust Co., but claims that it does not have the bulk of the documents requested in the current summons. Furthermore, the IRS is only requesting information that it does not have.

Once a prima facie case for enforcement of the summons is established, the burden shifts to petitioner to either disprove the existence of a valid purpose or to show that enforcement of the summons would be an abuse of the Court's process. *Will*, 671 F.2d at 966; *Godwin*, 564 F.Supp. at 1212.

██ Petitioner failed to establish that the summonses were issued for an improper purpose or for any other purpose reflecting on the good faith of the investigation. Petitioner did not deny that he failed to pay income taxes for the years 1990 through 1993. He did not deny the IRS's claim that he received Form 1099 income in 1990 and 1991 from Precision Benching and Polishing. Nor did he deny the allegation that he owned and

2. **26 U.S.C. § 7602. Examination of books and witnesses.**

(a) *Authority to summon, etc.* For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any

other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

3. The Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) amended 26 U.S.C. § 7609 to provide new procedures for enforcement of IRS summonses, however, the new procedures do not affect the substantive law to be applied. *Godwin v. United States*, 564 F.Supp. 1209, 1210–1211 (D.Del.1983).

4. The summonses seek bank and mortgage records relating to the petitioner's financial transactions during 1990 through 1993.

operated Advance Benching and Polishing during the period of time in question.

Petitioner asserts that the summonses issued by Agent Kuklewski did not contain an attestation clause as required by statute. This claim is without merit. Respondent submitted copies of the summonses which contained attestation clauses.

The petitioner failed to meet his burden of proof. Therefore, his motion will be denied and the summonses issued shall be enforced. An Order consistent with this Opinion will be entered.

### ORDER

In accordance with the Opinion issued on this date,

**IT IS HEREBY ORDERED** that petitioner's Motion to Quash Service of Third Party Administrative Summons of Record (docket no. 1) is **DENIED** and the summonses issued shall be enforced.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** in its entirety.