76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America; Jay Myers, Revenue Officer of the
Internal Revenue Service, Plaintiffs-Appellees,
v.
Michael W. DOUGLAS, Defendant-Appellant.
 No. 95-5320.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1996.
 
 Before: MERRITT, Chief Judge, CONTIE and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Michael W. Douglas appeals a district court judgment granting enforcement of two summonses issued by the Internal Revenue Service (IRS) for production of documents and records pertaining to the collection of Douglas's income tax liability for the 1983, 1985, 1986, 1987, 1988, 1990, 1992 and 1993 tax years. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The government filed a petition in the district court to enforce two IRS summonses against this taxpayer. Douglas filed a response to the ensuing district court order to show cause why an order enforcing the summonses should not issue. Following an evidentiary hearing, the district court entered a judgment granting enforcement of the IRS summonses. On appeal, Douglas essentially challenges the revenue officer's authority to issue the contested summonses and contends that the IRS improperly refused to recognize his legal representative to whom he granted power of attorney. The government responds that Douglas did not raise his claims in the district court and that the claims are meritless in any event.
 
 
 3
 First, the district court's judgment granting enforcement of the IRS summonses was proper. Generally, a proceeding for enforcement of IRS summonses is summary in nature. See United States v. Will, 671 F.2d 963, 968 (6th Cir.1982). Pursuant to the guidelines enunciated in United States v. Powell, 379 U.S. 48, 57-58 (1964), the government established a prima facie case for enforcement of the summons in the district court through the affidavit of the revenue officer and his testimony at the show cause hearing. See Will, 671 F.2d at 966. Thereafter, Douglas did not meet his burden of showing that enforcement of the IRS summonses would be an abuse of the district court process or that the summonses were issued in bad faith or for purposes of harassment. Id. at 966-67. Rather, Douglas argued only that he and his representative offered to produce to the IRS any documents that the law required him to produce. Therefore, Douglas failed to meet his burden of proof in the district court. Under these circumstances, enforcement of the IRS summonses was proper.
 
 
 4
 Second, the government correctly notes that Douglas's challenges on appeal to the authority for issuance of the IRS summonses are not cognizable because these claims were not asserted in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Moreover, the challenges to the authority for the IRS summonses asserted herein are specious. Essentially, the record reflects that the summonses at issue were issued pursuant to 26 U.S.C. § 7602 (and delegations of the Secretary's authority thereunder) in the context of a legitimate investigation. Douglas's contention that 26 U.S.C. § 7608, which provides for the issuance of summonses in a criminal investigation, is somehow applicable to this case is unsubstantiated. The record reflects that no criminal investigation exists in this case.
 
 
 5
 Finally, Douglas's claim that the IRS improperly refused to recognize his representative does not implicate an abuse of the district court process. Again, Douglas has asserted nothing on appeal which could have refuted the government's prima facie case. Again, Douglas simply failed to meet his burden of showing that enforcement of the IRS summonses would be an abuse of the district court process or that the summonses were issued in bad faith or for purposes of harassment. See Will, 671 F.2d at 966-67.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.