Carl R. WAGENKNECHT; Jacqueline J. Miller–Wagenknecht, Plaintiffs–Appellants,

v.

UNITED STATES of America; Internal Revenue Service; Maureen Lippert, Defendants–Appellees.

No. 01–3323.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before MARTIN, Chief Judge; CLAY, and GARWOOD,* Circuit Judges.

*ORDER*

Carl R. Wagenknecht and Jacqueline J. Miller–Wagenknecht, pro se Ohio residents, appeal a district court judgment

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

dismissing their complaint seeking to quash administrative summonses issued by the Internal Revenue Service (IRS) pursuant to 26 U.S.C. § 7602. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking injunctive relief, the Wagenknechts sued the United States, the IRS, and IRS agent Maureen Lippert seeking to quash administrative summonses issued by the IRS to Third Federal Savings and Loan Association, an Ohio savings bank. They also sought to enjoin the government from the issuance of further summonses. The summonses were a result of an IRS investigation in the Wagenknechts' federal income tax liability for 1996. The government moved to dismiss the petition and to enforce the summonses. The court subsequently granted the government's motion.

In their timely appeal, the Wagenknuchts argue that the district court erred by misstating the applicable law, that it failed to examine all the evidence, and that it should not have dismissed the IRS and Lippert as defendants.

A district court's grant of a motion to enforce an IRS summons will only be reversed if there is clear error. *See Fortney v. United States*, 59 F.3d 117, 119 (9th Cir.1995). Likewise, the denial of a petition to quash an IRS summons is reviewed for clear error. *See id.* When reviewing for clear error, this court must affirm the district court's order "unless we are left with the definite and firm conviction that a mistake has been committed." *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 402 (6th Cir.1999), *cert. denied*, 528 U.S. 1154, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000).

Twenty-six U.S.C. § 7602 gives the IRS the authority to summon any person or documents that may be relevant to a tax investigation. The code provides in pertinent part:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized—... [t]o summon ... any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data ... as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a)(2).

In *United States v. Powell*, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), the Court set forth the standard by which an IRS summons would be judged and the burdens for both the government and the party seeking to quash the summons. In order to have an IRS summons enforced, the government must show that: (1) the investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry may be relevant to the purpose; (3) the information sought is not already within the IRS's possession; and (4) the administrative steps required in 26 U.S.C. § 7603 have been followed. *See id.* at 57–58, 85 S.Ct. 248; *see also United States v. Will*, 671 F.2d 963, 966 (6th Cir.1982). "The requisite showing is generally made by the submission of the affidavit of the agent who issued the summons and who is seeking enforcement." *Will*, 671 F.2d at 966.

Once the government has made the requisite showing, the burden shifts to the taxpayer to demonstrate that it would be an abuse of the court's process to enforce

the summons. *See id.; Kondik v. United States,* 81 F.3d 655, 656 (6th Cir.1996) ("the burden shifts to the taxpayer to prove that enforcement of the summonses would be an abuse of the court's process. This burden is a heavy one.") (citations omitted). In *Powell,* the Court said that "[s]uch an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Powell,* 379 U.S. at 58, 85 S.Ct. 248; *accord Will,* 671 F.2d at 967.

The district court found that the affidavit of agent Lippert satisfied the requirements of *Powell.* Specifically, the court found the affidavit established a legitimate investigation was being conducted; the inquiry was for a relevant purpose; with two exceptions, the evidence was not in the IRS's possession; and the administrative steps required by § 7603 had been followed. As the district court's conclusion is supported by the evidence, the burden shifted to the Wagenknechts to demonstrate an abuse of the court process to enforce the summonses. *See Will,* 671 F.2d at 966. The Wagenknechts have not satisfied this burden. Accordingly, the district court did not err in denying the Wagenknechts' motion to quash the IRS's summonses.

The Wagenknechts also assert that the IRS and agent Lippert should not have been dismissed as defendants. However, as the acts of Lippert and the IRS were on behalf of the United States, the United States is the only proper party to the action. *See Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir.1989); *Burgos v. Milton,* 709 F.2d 1, 2 (1st Cir.1983). Thus, Lippert and the IRS were properly dismissed as defendants.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.