**UNITED STATES of America**
**Petitioner,**

v.

**MONUMENTAL LIFE INSURANCE**
**COMPANY Respondent.**

No. 01–14–C.

United States District Court,
W.D. Kentucky,
at Louisville.

Oct. 8, 2004.

Jennifer L. Vozne, U.S. Department of Justice–Tax Division, Washington, DC, for Petitioner.

David B. Tachau, Tachau, Maddox, Hovious & Dickens PLC, Louisville, KY, Kevin L. Smith, Costa Mesa, CA, Richard V. Evans, Tachau, Maddox, Hovious & Dickens, Louisville, KY, Scott M. Datan, Kilpatrick & Stockton, LLP, Atlanta, GA, for Respondent.

## ORDER

COFFMAN, District Judge.

This matter is before the court upon the Report and Recommendation of United States Magistrate Judge James D. Moyer (DE 41). The petitioner has filed objections to the Report and Recommendation. When parties to an action submit objections to the Magistrate Judge's report, the district court judge reviews the record *de novo.* 28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record *de novo* in light of the petitioner's objections and being otherwise sufficiently advised, rejects the Report and Recommendation's factual finding that the government has the majority of the documents it requested, but adopts the remainder of the Magistrate Judge's factual findings. The court adopts the Report and Recommendation's conclusions of law regarding the alleged technical deficiencies and alleged bad faith, but rejects it as to the government's possession of the documents sought and the relevancy of those documents.

The IRS has authority to subpoena parties with information potentially relevant to a tax investigation. *United States v. Arthur Young & Co.,* 465 U.S. 805, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984). The IRS must apply to the district courts to compel production of documents summoned. 26 U.S.C. § 7604. The district court evaluates the motion to compel production based on whether the IRS has established four requirements: the investigation has a proper purpose; the summoned materials may be relevant to the investigation; the information sought is not within the possession of the IRS; and the IRS has followed the procedure indicated in 26 U.S.C. § 7603. *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). Once the government

has made this showing, the burden shifts to the party opposing enforcement of the summons to demonstrate that the agency was acting in bad faith or without a legitimate purpose such that enforcement would be an abuse of the court's process. *Id.* The burden on the party opposing enforcement is a heavy one. *United States v. LaSalle National Bank*, 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978). While a district court is not a "rubber stamp" for agency demands for the production of information, its task is limited. *U.S. v. Markwood*, 48 F.3d 969, 979 (1995). The scope of the issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity. The "very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate...." *Markwood*, 48 F.3d at 979 *(quoting FMC v. Port of Seattle*, 521 F.2d 431, 433 (9th Cir.1975)). For the reasons stated in the Report and Recommendation and in light of the United States' objections, only the relevance and possession requirements are at issue.

## I. RELEVANCE

The burden on the IRS to show that the documents sought are relevant is not an onerous one. *See United States v. Noall*, 587 F.2d 123 (2d Cir.1978). The inquiry made by the court is merely whether the documents sought "may be relevant." 26 U.S.C. § 7602. It is sufficient that the documents "might have thrown light upon" the investigation. *Arthur Young*, 465 U.S. at 813, 104 S.Ct. 1495.

■ The government has met its burden by submitting the affidavit of Agent John Marien, which explained the relevance of the documents summoned. Simply stated, the investigation of taxpayer Johnson Systems necessitates a full understanding of the employee benefit program and whether deductions were taken properly. This inquiry involves viewing and understanding complex arrangements between the taxpayer and the respondent. Courts have consistently recognized that declarations or affidavits by IRS directors or agents generally satisfy the *Powell* requirements. *See, e.g., United States v. Stuart*, 489 U.S. 353 at 360–61, 109 S.Ct. 1183, 103 L.Ed.2d 388 (1989); *United States v. Will*, 671 F.2d 963 (6th Cir.1982); *Barquero v. United States*, 18 F.3d 1311, 1317 (5th Cir.1994); *Lidas, Inc. v. United States*, 238 F.3d 1076, 1082 (9th Cir.2001). Agent Marien further stated, both at the commencement of this proceeding and again in his February 2003 declaration, that the investigation of Johnson Systems is ongoing.[1] Therefore, the respondent's argument that the information sought in the subpoena is irrelevant because the audit is complete is without merit.

The respondent also argued that the information sought is proprietary in nature and cannot be revealed absent a protective order. However, the respondent has not demonstrated that there is an exception to the IRS subpoena power on that basis. The courts have been unwilling to limit the

---

**1.** Some case law suggests that even if the IRS audit were complete, enforcement of the subpoena would not be barred. *United States v. Administrative Enterprises*, 46 F.3d 670 (7th Cir.1995); *PAA Management v. United States*, 962 F.2d 212 (2d Cir.1992). The rights and obligations of the parties are fixed at the time the summons was issued. *Couch v. United States*, 409 U.S. 322, 329 n. 9, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973). Therefore, even if the audit were now complete, the fact that the audit was ongoing at the time the summons issued is the only relevant inquiry. However, as the court finds that the investigation is ongoing, it need not determine these issues.

clear congressional policy choice in favor of document disclosure. *Arthur Young*, 465 U.S. at 816–17, 104 S.Ct. 1495. Further, the court's role in this matter is limited to a determination of the government's satisfaction of the *Powell* factors and whether the government has acted in bad faith. *Will*, 671 F.2d at 968.

## II. POSSESSION

 Again, the burden on the government to show that it does not have possession of the documents sought, in the manner intended in *Powell*, is slight and can be satisfied by the affidavit of Agent John Marien. *See United States v. Alpha Medical Management*, 116 F.3d 1481, 1997 WL 359065 (6th Cir.1997). The affidavit stated in relevant part: "The books, papers, records or other data sought by the summons are not already in the possession of the Internal Revenue Service in a form which may be used in the investigation of Johnson Systems." This assertion is sufficient to shift the burden from the government. *See United States v. Davis*, 636 F.2d 1028 (5th Cir.1981). The respondent alleges that the government has already collected some of the information it has summoned in the investigation of another taxpayer and therefore should not be entitled to enforcement of the summons. The government maintains that any information it may have is not in a form that may be used in this investigation. Actual possession of or access to information by the IRS is not an absolute bar to enforcement of a summons for that information. *United States v. Alpha Medical Management*, 116

F.3d 1481, 1997 WL 359065 (6th Cir.1997). Practicability of accessing the documents is a proper part of the inquiry into the possession prong of the *Powell* test. *United States v. Linsteadt*, 724 F.2d 480 (5th Cir.1984). The district court should balance the practicality of the government's retrieving the documents against the potential for unnecessary hardship arising from requiring the taxpayer to produce the records. *Alpha Medical*, at 116 F.3d 1481, 1997 WL 359065, *3. The possession prong of *Powell* was meant to protect against unnecessary summonses, and should be applied narrowly in light of the need to permit effective investigation and the policy of expediting summons enforcement proceedings, as they are intended to be summary in nature.[2] *Davis*, 636 F.2d at 1037; *Donaldson v. United States*, 400 U.S. 517, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). The government has met its burden by filing the affidavit of Agent Marien, who stated that the summoned information is necessary and that the IRS does not possess the information in a form that can be used in the current investigation. The respondents have not shown that the IRS has practicable means to access any documents that it may have collected in the investigation of another taxpayer, nor has it shown that the information sought is unnecessary. The respondents have not shown that production of these documents would work an unnecessary hardship on them. As no bad faith or improper purpose has been shown, the court's inquiry into the matter is at an end.[3]

2. This case is a perfect example of the purpose behind limiting the scope of enforcement proceedings. These parties' litigation has been ongoing since at least April 2001. The court's role in this matter is not to examine the minutiae of the tax code. Congressional intent in providing court enforcement of IRS subpoenas was to expedite enforcement and enable the IRS to investigate so long as it was

not making either unreasonable requests or requests in bad faith or for an improper purpose.

3. While the court notes that it may be possible to limit enforcement of the summons to those documents that are not accessible to the IRS, *see Alpha Medical Management*, at 116 F.3d 1481, 1997 WL 359065, *3, as the court has

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of United States Magistrate Judge James D. Moyer (DE 41) is **ADOPTED IN PART** and **REJECTED IN PART**. The discussion of possession, relevance, and conditional or partial enforcement in the Report and Recommendation is rejected. The factual finding that the IRS has the majority of the documents it summoned is rejected. In all other respects consistent with this opinion, the Report and Recommendation is adopted.

**IT IS FURTHER ORDERED** that the government's petition to enforce the Internal Revenue Service summons is **GRANTED.**

rejected the portion of the Report and Recommendation discussing partial enforcement of an IRS subpoena, and has determined that enforcement of the subpoena in its entirety is appropriate in this case especially in light of the extreme delays that have already taken place, and in order to avoid a fresh round of litigation regarding exactly which documents the IRS already may have, it is unnecessary to address the propriety of partially enforcing a summons. Further, Monumental Life never made a motion for partial denial of enforcement.