James Clay BOYD; Debra E. Boyd,
Petitioners–Appellants,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 02–6095.

United States Court of Appeals,
Sixth Circuit.

Dec. 22, 2003.

Frederick G. Irtz, II, Frederick G. Irtz, II, Attorney at Law, Lexington, KY, Patrick F. Nash, Lexington, KY, for Petitioner–Appellant.

Frank P. Cihlar, U.S. Department of Justice, Washington, DC, Robert J. Branman, Washington, DC, Christopher H. La Rosa, Department of Justice, Washington, DC, for Respondent–Appellee.

Before: MARTIN and MOORE, Circuit Judges, and McKEAGUE,* District Judge.

## OPINION

MOORE, Circuit Judge.

James Clay Boyd and Debra E. Boyd ("the Boyds") appeal from the denial of their petition to quash Internal Revenue Service ("IRS") summonses issued for records in the possession of their accountant, R. Douglas Anderson ("CPA Anderson").

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

They argue that certain technical deficiencies in process render the summonses unenforceable. For the reasons that follow, we **AFFIRM** the judgment of the district court.

IRS Special Agent J. Trent Tyson ("Agent Tyson") was conducting a criminal investigation concerning the federal income tax liability of James Clay Boyd ("Boyd"), stemming from Boyd's failure to file tax returns for 1996–1999. On November 1, 2001, Agent Tyson went to CPA Anderson's place of business to serve a third-party recordkeeper summons on Mr. Anderson; Tyson conducted an interview with CPA Anderson in which he questioned CPA Anderson about the Boyds' tax returns, and viewed the Boyds' 1995 return. At the end of the interview, Tyson served the summons on CPA Anderson, requesting papers and records in connection with tax years 1996–1999. Agent Tyson struck out that part of the preprinted summons that said "to give testimony and" before serving CPA Anderson. Later that day, Agent Tyson served the notices required by 26 U.S.C. § 7609(a) by certified mail on the Boyds; in the copies of the summons attached to those notices, he did not strike out the words "to give testimony and." The next day, November 2, 2001, Agent Tyson served a second summons on CPA Anderson, requesting papers and records in connection with tax years 1992–1995, and provided notice to the Boyds by certified mail. An additional set of summonses were served on other third parties in connection with the IRS investigation of the Boyds around June 2002. The Boyds filed a petition to quash the November 2001 summonses, and Magistrate Judge James B. Todd issued his Proposed Findings of Fact and Recommendation on June 13, 2002. The district court adopted the Report and denied the Boyds' petition. The Boyds filed a Motion to Alter or Amend Judgment or For a New Trial under Fed.

R.Civ.P. 59 and 60 on August 23, 2002 based on the June 2002 summonses, which was denied on September 10, 2002.

 The Boyds make several claims of deficiency in the notice they received of the summonses, all of which fail for the reasons set forth in the magistrate judge's Report and the district court's opinion. The Boyds were not entitled to notice of the June 2002 summonses, as those were not served on third-party recordkeepers within the meaning of 26 U.S.C. § 7603(b)(2). They were not entitled to advance notice of the November 2001 summonses because the summonses served on Anderson were issued in connection with "a pending criminal investigation." *See* 26 U.S.C. § 7602(c)(3)(C). On appeal, the Boyds make the totally novel argument that the meaning of "pending criminal investigation" in § 7602(c)(3)(C) should be given content by § 7602(d)(2)(A), defining cases where there is a "Justice Department referral" and therefore, the IRS lacks the authority to issue summonses. On its face, this argument is without merit: § 7602(c)(3)(C) defines a situation in which summonses may be issued *without advance notice*, whereas § 7602(d)(2)(A) defines a situation in which the IRS has *no authority to issue summonses*. There is no reason plaintiffs can or do point to why Congress would find it necessary to state that no notice need be given of summonses issued in a situation where no administrative summonses can be issued at all. Finally, the notice served on the Boyds was adequate despite the slight deviation from the summons actually served, for the reasons set forth in the magistrate judge's Report and Recommendation.

 The Boyds assert two additional arguments on appeal raised before the district court but not treated by the magistrate judge's Report. First, they argue

that Agent Tyson violated § 7609(d)(1) by interviewing CPA Anderson and reviewing documents voluntarily provided to him before waiting the twenty-three days provided by the statute. The statute provides for that waiting period only for "examination of any records required to be produced under a summons." Agent Tyson did not examine records produced under a summons but instead examined a document (the 1995 return) voluntarily provided to him before the service of the summons. The statutory provision is likewise inapplicable to his interview of CPA Anderson: it was an interview of a witness, and therefore, the prohibition on "examination of *records*" does not of its own force apply; the interview was not compelled by the summons, but instead was held prior to the service of the summons; and the interview was not even specified in the summons handed to CPA Anderson that day. While the IRS can use the summons procedure to compel testimony, it has other less formal means of investigation; we agree with other circuits which have rejected challenges to informal IRS procedures used to gather information. *See Speck v. United States,* 59 F.3d 106, 108 (9th Cir.1995); *United States v. McLaughlin,* 126 F.3d 130, 136–37 (3d Cir. 1997).

■ Finally, the Boyds argue that the summonses should be quashed as unenforceable under *United States v. Powell,* 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964), which requires the IRS to show before a summons will be enforced "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed." *Id.* at 57–58. The Boyds argue that the information re-

quested in the second summons was already in the possession of the IRS because they filed tax returns for 1992–1995, and that the information in the second summons was not relevant to computing tax liability for 1996–1999.

The government asserts that very little requested material was duplicative, as only three documents – two applications for extensions of time to file a tax return and the Boyds' 1994 tax return – were in the possession of the IRS, and points to numerous circuit court cases which have "declined to apply a literal interpretation of this *Powell* criterion in favor of a practical approach to IRS accessibility." *United States v. John G. Mutschler & Assocs., Inc.,* 734 F.2d 363, 367–68 (8th Cir.1984); *see also United States v. Daffin,* 653 F.2d 121, 124 (4th Cir.1981); *United States v. Davey,* 543 F.2d 996, 1001 (2d Cir.1976). The Fifth Circuit has held that the "already possessed" prong of *Powell* is in fact "a gloss on [26 U.S.C.] § 7605(b)'s prohibition of 'unnecessary' summonses, rather than an absolute prohibition against the enforcement of any summons to the extent that it requests the production of information already in the possession of the IRS." *United States v. Davis,* 636 F.2d 1028, 1037 (5th Cir.1981). The second summons asked for four years' worth of documents, including returns and workpapers, of which three individual documents were in the possession of the IRS; the district court did not err in refusing to grant the petition on this ground.

The Boyds argue that the tax returns and workpapers for 1992–1995 are not relevant to computing tax liability for 1996–1999. The test for *Powell* relevance is generous; as the Supreme Court explained in *United States v. Arthur Young & Co.,* 465 U.S. 805, 814–15, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984), "[t]he language 'may be [relevant]' [in § 7602] reflects Con-

gress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation." Agent Tyson's explanation at trial of the relevancy of the 1992–1995 papers was that they would be useful in establishing the Boyds' knowledge of the filing requirements, and that knowing the method used to prepare the Boyds' returns for the preceding years would be "very helpful ... in calculating [their] tax liability through [sic] the 1996 through '99 years." Joint Appendix at 181. We find this meets the *Powell* relevancy test.

Finally, the Boyds argue, based on this court's decision in *Cook v. United States,* 104 F.3d 886, 889 (6th Cir.1997), that the IRS's disregard for technical requirements – including two late filings in the court below – should be punished by quashing the summonses. The decision in *Cook* sternly warned the IRS that procedural requirements should be taken seriously. Only two procedural violations could possibly have happened here: the minute deviation of the notice from the summons served, and the late filings by the IRS in the court below. However, because the plaintiffs have not demonstrated any actual or even possible prejudice from these two violations, we reject the plaintiffs' invitation to use this case to teach the IRS a lesson.

We have carefully reviewed the briefs submitted by the parties and the record of the proceedings below, and we have studied the magistrate judge's Report and the district court's opinion and considered the points made by the parties in oral argument. We agree entirely with the reasoning and the result reached in the magistrate judge's Report and district court's opinion, and we do not find merit in the additional arguments raised on appeal.

For the foregoing reasons, we AFFIRM the judgment of the district court.