NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0343n.06

No. 20-2182

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KIMBERLY BASEHART GAETANO; RICHARD GAETANO, | ) | |
| | ) | |
| | ) | **FILED** |
| Petitioners-Appellants, | ) | Jul 16, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| UNITED STATES OF AMERICA, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:     BOGGS, CLAY, and WHITE, Circuit Judges

BOGGS, Circuit Judge.  The Internal Revenue Service issued summonses to nine financial institutions as part of a criminal investigation into Kimberly Basehart-Gaetano and Richard Gaetano (appellants).  The IRS is investigating appellants' quarterly and annual tax returns, and the summonses seek records from January 1, 2015 to November 1, 2019.  Appellants brought a petition in the District Court for the Eastern District of Michigan to quash the summonses, and the government responded with a motion to dismiss the petition and enforce the summonses.  Adopting the magistrate judge's report and recommendation, the court dismissed appellants' petition and ordered enforcement.  Appellants now argue that the district court erred because there are no tax periods that end on November 1, 2019, and thus (1) the investigation did not have a legitimate purpose and (2) the inquiry did not seek records relevant to a legitimate investigation.  Because an

investigatory summons may seek records from dates outside the specific tax period under investigation, we affirm.

## I

The district court had jurisdiction to review the petition to quash under 26 U.S.C. § 7609.[1] We have jurisdiction under 28 U.S.C. § 1291 and must affirm unless the district court's order is clearly erroneous. *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 732 (6th Cir. 2006). "Issues of statutory interpretation, however, are reviewed *de novo*." *Ibid.*

## II

### A

"For the purpose of ascertaining the correctness of any return . . . ," as well as for "the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws," the IRS may issue summonses and "examine any books, papers, records, or other data which may be relevant or material" to an investigation. 26 U.S.C. §§ 7602, 7603. "The IRS, however, has no power of its own to enforce the summons but must apply to the district court in order to compel production of the requested materials." *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (citing 26 U.S.C. § 7604). In *United States v. Powell*, the Supreme Court held that the government can establish a *prima facie* case for judicial enforcement of an investigatory summons by demonstrating that (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "that the inquiry may be relevant to the purpose," (3) "that the

---

[1] Jurisdiction over a petition to quash lies in "the district within which the person to be summoned resides or is found." 26 U.S.C. § 7609(h)(1). Although only two of the summonses reflect service on addresses in the Eastern District of Michigan, appellants allege, and the government does not contest, that each recipient "either resides or is found" in that district. We have no reason to doubt that each organization is, at least, found in the Eastern District of Michigan.

information sought is not already within the [IRS] Commissioner's possession, and" (4) "that the administrative steps required by the [Internal Revenue] Code have been followed." 379 U.S. 48, 57–58 (1964); *Will*, 671 F.2d at 966.

The government generally makes this *prima facie* showing for enforcement through "the submission of the affidavit of the agent who issued the summons . . . ." *Will*, 671 F.2d at 966. If the government makes this showing, "the burden shifts" to the taxpayer to disprove any of the required elements or to demonstrate that enforcement of the summons would be an abuse of the court's process.[2] *Monumental Life*, 440 F.3d at 733. "Such an abuse would take place if the summons had been issued for an improper purpose . . . ." *Powell*, 379 U.S. at 58. That said, a taxpayer must provide "specific facts and evidence" to meet the heavy burden necessary to demonstrate an abuse of process. *Byers v. United States, IRS*, 963 F.3d 548, 560 (6th Cir. 2020) (quoting *Cypress Funds, Inc. v. United States*, 234 F.3d 1267, 2000 WL 1597833, at *4 (6th Cir. 2000) (table)).

**B**

As to the relevance requirement of § 7602 and the *Powell* framework, the words "may be [relevant]" reflect "Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation . . . ." *United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984). The relevance threshold needed to enforce a summons is lower than that required "to admit evidence in federal court." *Ibid.*; *cf. Monumental Life*, 440 F.3d at 736 (describing the relevance threshold as "very low" (quoting *United States v. Noall*, 587 F.2d 123, 125 (2d Cir.

---

[2] Where, as here, "the IRS issues a summons not to the investigated taxpayer herself, but to a third party who may possess records related to the taxpayer . . . , the named taxpayer is entitled to notice that the summons has been issued, and has the right to intervene in the summons-enforcement proceeding." *Byers v. United States, IRS*, 963 F.3d 548, 553 (6th Cir. 2020) (citation omitted). No matter whether the IRS issues the summons to the investigated taxpayer or a third party, "[t]he same standards apply." *Ibid.*

1978))).  The critical inquiry is not whether the records sought *are* relevant, but whether they "*might* throw light upon the correctness of a return." *Monumental Life*, 440 F.3d at 735 (emphasis added and internal quotation marks omitted).

Tax periods do not exist in a vacuum.  Records from outside those designated timeframes may be relevant to a taxpayer's conduct in a given quarter or year.  Noncontemporaneous records may illuminate important aspects of an investigation into tax liability, including the taxpayer's knowledge of filing requirements, the sources of assets or income, and the true nature of transactions with others.  There is widespread acceptance that records from before or after the tax period under investigation can meet the low relevance threshold necessary for a summons. *See, e.g.*, *Boyd v. United States*, 87 F. App'x 481, 484–85 (6th Cir. 2003) (holding that summonses could seek tax returns and workpapers for years before those under investigation); *Phillips v. United States*, 178 F.3d 1295, 1999 WL 228585, at *3 (6th Cir. 1999) (per curiam) (table) (holding that summonses could seek financial records for years before and after those under investigation); *La Mura v. United States*, 765 F.2d 974, 976, 982–83 (11th Cir. 1985) (same); *Muratore v. Dep't of the Treasury*, 315 F. Supp. 2d 305, 312–13 (W.D.N.Y. 2004) (holding that summonses could seek "documents generated after the investigation period" because, "given the expansive definition of 'relevance' . . . , the IRS should not be limited to seeking documents only from the precise time period under investigation").[3]

## C

Appellants claim that the government failed to make out the case for enforcement because the IRS issued the summonses for an improper purpose.  Yet their sole support for that claim is the

---

[3] As we previously noted in response to appellants' similar challenge to another summons, "[n]othing in § 7602 or § 7609 requires that a summons identify the tax period(s) the IRS is investigating." *Gaetano v. United States*, 994 F.3d 501, 511 (6th Cir. 2021).

fact that no tax period ends on November 1, 2019. They argue that because no tax returns could be due on that date, the requested records fail to meet the first and second *Powell* requirements for enforcement: (1) a legitimate investigatory purpose and (2) an inquiry relevant to that purpose.

There is no basis to this claim. The government has demonstrated a *prima facie* case for enforcement through a declaration of the agent who issued the summons. The agent stated that the summonses' purpose is "to determine whether [appellants] understated their tax liability for tax years 2015 through 2018, and quarterly filings for 2019, in violation of the Internal Revenue Code." He further explained that the "records beyond the close of the tax periods under investigation may shed light on the accuracy of income reported in the prior tax year." The declaration sufficiently demonstrates a legitimate investigatory purpose. And records from after the tax period under investigation may be relevant to that inquiry.

### III

Appellants have not disproved the government's *prima facie* case for enforcement, nor have they come close to meeting the heavy burden necessary to demonstrate an abuse of process. They have not contested the type or breadth of records sought, and the mere fact that some records relate to dates outside the period under investigation does not create doubt as to the IRS's purpose or the information's potential relevance. The district court did not err in ordering enforcement.[4]

AFFIRMED.

---

[4] To the extent appellants appeal the denial of their motion to take discovery, the district court properly denied the request because appellants failed to "make[] a preliminary and substantial demonstration of abuse." *Will*, 671 F.2d at 968.